# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## Pensacola DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Michael Frye,
Inmate # 446512.
(Enter full name of Plaintiff)

vs.

CASE NO: 3:19cv4285-MCR/HTC
(To be assigned by Clerk)

Blackwater River Corr. Facil.,
Asst. Warden Gary English,
GEO Group; T.A. S. Provo,
Officer A. Cook,
Officer Jonathon Griner.

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

**I.  PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Michael Frye
Inmate Number: 1146912
Prison or Jail: Charlotte CI
Mailing address: 33123 Oil Well Rd.
Punta Gorda, Fl
33955

**II.  DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: Blackwater River Corr. Fac.
Official position: Property Dept
Employed at:
Mailing address: 5914 Jeff Ates Rd.
Milton Fl 32583

(2) Defendant's name: Gary English
Official position: Asst. Warden
Employed at: Blackwater River Corr Fac / GEO Group
Mailing address: 5914 Jeff Ates Rd.
Milton Fl 32583

(3) Defendant's name: GEO Group Inc.
Official position:
Employed at:
Mailing address: 4955 Technology Way
Boca Raton, Fl. 33431

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

(4) S. PROUD
Training Assistant
Blackwater Corr. Fac. / GEO Group
5914 Jeff Ates Rd.
Milton Fl. 32583

(5) L. Cook
Officer
Blackwater Corr. Fac. / GEO Group
5914 Jeff Ates Rd.
Milton Fl. 32583

(6) Jonathan Griner
Officer # GJ123
Blackwater Corr. Fac. / GEO Group
5914 Jeff Ates Rd.
Milton, Fl 32583

### III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

### IV.     PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

   A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( ✓ )          No( )

   1. Parties to previous action:
      (a) Plaintiff(s): Michael Frye
      (b) Defendant(s): (See exhibit A)
   2. Name of judge: _____   Case #: _____
   3. County and judicial circuit: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____
   7. Facts and claims of case: _____

   **(Attach additional pages as necessary to list state court cases.)**

   B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
   Yes( ✓ )          No( )

   1. Parties to previous action:
      a. Plaintiff(s): Michael Frye
      b. Defendant(s): Blackwater Corr & all parties
   2. District and judicial division: Middle District - Ft Myers Division
   3. Name of judge: _____   Case #: _____
   4. Approximate filing date: September 16, 2019
   5. If not still pending, date of dismissal: Active
   6. Reason for dismissal: Active

3

## Exhibit A

(1) (a) Michael Frye
(b) Charlotte Correctional Institution; Dept of Risk Management; Officer D. Torres; Sgt Walker

(2) Lisa Porter                # 19687CA
(3) 20TH Judicial Circuit Court in Charlotte County Florida
(4) May 16, 2019
(5) Active
(6) Active
(7) negligent loss of personal property & Denial to access to courts


(1) (a) Michael Frye
(b) Blackwater Correctional Facility; Assist. Warden Gary English; GEO Group Inc; S. Provu; A Cook; & Jonathon Griner
(2)                              # 19CA698
(3) September 4, 2019
(5) Active
(6) Active
(7) negligent loss of personal property/legal work causing Denial to access to the Courts with actual injuries.

7. Facts and claims of case: negligent loss of legal work/property causing Dismissal of Court Case (injury)

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

6.   Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(SEE Exhibit B)

## Exhibit B
## Summary of Procedure

(1) On March 13, 2018 the Training Assistant S. Provo was doing a routine walkthrough in E Dorm when the T.A. S. Provo thought she seen an inmate in Room 206 on a cell phone, (unlike the DR. states see Exhibit L). The T.A. S. Provo called her training officer that in return called the L.T. and Captain on duty. The Captain and L.T. was meet by several Sgt's in E. Dorm Quad A. They took me and another inmate to the laundry room and stripped searched us while the Captain and several Sgt's searched my room. When they found a phone somewhere in a hiding place the administration imediately to me to confinement, with the other inmate (contrary to the DR. see Exhibit L). My property was left out in the room with my cellmates property without securing my property, in violation of CH 33.

(2) Upon being placed in confinement the traning officer S. Provo and officer A. Cook. Allegedly packed my property. However, I was not given a DC6 220 inmate personal property list nor any items I can keep (specifically my legal work). Moreover, the inmate that was placed in confinement

(6)

with me recieved his DC6220 and personal property. (See Exhibit A)

(3) With knowledge of a deadline pending the Plaintiff filed multiple grievances as well as motions to the Court requesting a stay and/or an extension predicated on the fact that officers at Blackwater refused to give me my legal work.

(4) On March 19, 2018 I was released from confinement (still without a DC6220 nor property). I immediately went to the property room to inquiry and pick up my property. Upon going through my property that was left, I immediately informed the officer and the Sgt. in property that I was missing alot of my legal work, books, and personal property. I told the officers that I wanted to write the missing property on the DC6220 but against CH 33 the officers informed me I could not write on the DC6220 that I had to grieve it instead. I asked how am I going to grieve the missing property without putting it on the DC6220 as CH 33 specifies. Then I told them I refuse to sign the DC6220 in which I was told if I did not sign the DC6220 I could not get any property. Thus I was forced to sign contrary to what

CH 33 STATES I SHOULD DO if I NOTICE MISSING PROPERTY (SEE EXHIBIT F)

(5) ON MARCH 19, 2018 I GRIEVED MY MISSING PROPERTY AND NOTIFIED MY FAMILY IN WHICH THEY CALLED GEO GROUP INC. IN BOCA (CORPERATE OFFICE) AND NOTIFIED THEM THAT I WAS ON A DEADLINE AND OFFICERS AT BLACKWATER LOST LEGAL WORK, BOOKS, AND PERSONAL PROPERTY.

(6) APPROXIMATELY A WEEK LATTER MY FAMILY CALLED BOCA CORPERATE OFFICE DUE TO NO ONE RETURNING THEIR CALL AND MY FAMILY WAS TRANSFERED TO ASST. GARY ENGLISH, IN WHICH MY FAMILY EXPLAINED THE IRGENCY TO RECOVER MY LOST PROPERTY DUE TO STAFF NEGLECT TO MEET MY DEAD LINE SET BY THE COURTS. MR. ENGLISH INFORMED MY FAMILY THAT HE WILL REVIEW THE CAMERAS AND GET BACK TO THEM WITHIN THREE (3) DAYS. THAT SAME DAY MR. ENGLISH CALLED ME TO HIS OFFICE ALONG WITH THE GRIEVANCE CORDINATOR AND EXPLAINED HIS PLAN OF ACTION AND ASKED ME TO CALL MY FAMILY AND LET THEM KNOW THAT HE TALKED TO ME ABOUT MY CONCERN FOR MY LEGAL WORK AND TELL THEM HE WILL HANDLE THE ISSUE WITHIN THREE DAYS.

(7) On April 17, 2018 I was called back to the Asst. Warden office wherein he informed me that his officers were neglegent in packing and securing my property. I was told to go to the office of the officer in charge of settleing lost property with the Grievance Coordinator and come to a solution which the Asst. Warden himself will approve. During the meeting I unequivocally state I was not concerned about anything except my legal work. None-the-less the lost property officer told me they needed to settle everything. Between the meeting of the minds an Agreement was made for $350.00 and a replacement of the Federal Habeas Corpus Practice and Procedure book I lost. During the meeting Asst. Warden Mr. English came back in and told me he would create a letter informing the court Blackwaters culpability in lossing my legal work so that I may get an extension until I can get the lost Records replaced. I was also guaranteed that Blackwater would eliminate any balance owed due to legal postage.

(8) Several weeks passed and on May 7, 2018 I recieved a $350.00 property replacement settlement in my inmate account. (See Exhibit M). However, contrary to the Agreement $175.00 was taken for legal postage.

(9) I immediately notified the Grievance Coordinator about the neglegence and on June 11, 2018 the correction was rectified as per agreement. (SEE EXHIBIT N)

(10) Simutanuously while grieving the loss of legal work, books and property I was motioning the courts for an extension and stay so that I may get the lost record due to staff neglegence and no fault of the plaintiff's.

(11) Notwithstanding the official letter from Mr. English as to Blackwaters culpability to prevent the plaintiff from filing his inital brief, as well as the many pleadings to the court from the plaintiff as to the failure to file his inital brief was no fault of the plaitiff due to his hands being tied because of the officers neglect the court dismissed the plaintiff's appeal

(12) Moreover, notwithstanding the dismissal by the 5th DCA of the plaintiff's appeal the Attorney General has now used the dismissal as a default in the plaintiffs federal 2254 and stated the grounds should be denied due to no exhaustion due to the plaintiffs failure to file an inital brief causing

the Dismissal which is the Plaintiffs fault

## Argument

The Plaintiff will give credit where credit is due and acknowledge that the Asst Warden Gary English and Administration did try and rectify the neglect by other staff. However, the mishaps as to placing the Property Reimbursements as well as the time to reimburse the court had dismissed the Plaintiff's Appeal before the Plaintiff had an opportunity to replace the lost record.

Had officer's neglected their duty to secure the Plaintiffs property he would not have been dismissed by the 5th DCA. Furthermore, the Attorney General would not be able to prevent the Federal Court's from review becouse the Default (no exhausted claims).

/s/ Michael
MICHAEL FRYE #U46512

**VI.   STATEMENT OF CLAIMS:**

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

the Right to personal property; free from Illegal search and Seizure, the Right to access to the courts.

**VII.   RELIEF REQUESTED:**

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Punitive Damages in the Amount of 10,000 per party Compensatory Damages of 3,500 per party

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

10/31/19
(Date)

*Michael Jr.*
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 31 day of October, 20 19.

*Michael Jr.*
(Signature of Plaintiff)

Revised 03/07

7



MAILED FROM
CHARLOTTE
CORRECTIONAL
INSTITUTION

Michael Frye #U46512
Charlotte CI
33123 Oil well Rd.
Punta Gorda, Fl. 33955

Clerk of Court
1 North Palafox Street
Pensacola, Fl. 32502