UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL FRYE,

    Plaintiff,

v.                                            Case No. 3:19cv4285-MCR-HTC

BLACKWATER RIVER
CORRECTIONAL FACILITY, et al.,

    Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Response to the Court's November 19, 2019, Order to Show Cause (ECF Doc. 4), which directed Plaintiff to show cause why his case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Plaintiff's failure to disclose prior litigation. In Plaintiff's response he makes two arguments. First, he argues the Court's form was confusing. Second, he seeks a waiver of the Court's assessment of an initial filing fee. Upon review of the Plaintiff's response and, for the reasons set forth below, the undersigned recommends the case be dismissed without prejudice. Additionally, the undersigned orders that Plaintiff shall be relieved of his obligation to pay the initial filing fee until funds become available.

### I. PLAINTIFF'S FAILURE TO DISCLOSE HIS COMPLETE LITIGATION HISTORY

On November 19, 2019, the Court issued an Order granting Plaintiff's motion to proceed in *forma pauperis*, assessing him an initial partial filing fee and requiring him to show cause why the case should not be dismissed for failure to disclose three (3) prior habeas petitions Plaintiff filed in federal court. ECF Doc. 4.

In "Part A" of his Response, Plaintiff claims he did not knowingly lie to the Court. ECF Doc. 5 at 1. Instead, he argues § 2254 petitions are different than § 1983 actions and he did not know he needed to disclose his prior habeas petitions because the Court's complaint form was ambiguous. *Id.* at 1-2. As an initial matter, the form Plaintiff used is not ambiguous. It is completed by prisoners on a regular basis without issue. It specifically asked Plaintiff about other "habeas corpus petitions" or "civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong." ECF Doc. 1 at 6. Thus, Plaintiff's alleged misunderstanding that he did not need to identify his prior habeas cases is simply not well taken. Moreover, the form also specifically directs the Plaintiff that if he is unsure of prior cases, he **must** disclose that fact. Plaintiff did not do that. Nor did Plaintiff state anywhere on the form that he did not understand the question.

Regardless, even if this Court were to accept Plaintiff's explanation, Plaintiff continues to make misrepresentations to the Court. Plaintiff's representation that he

Case No. 3:19cv4285-MCR-HTC

initiated *Frye v. Charlotte Correctional Institution, et al.* (2:19cv753), **after** he filed his current complaint, is false. ECF Doc. 5 at 2. A review of the court's docket for that case shows that it was docketed by the court on October 17, 2019. *See Frye*, 2:19cv753, ECF Doc. 1 at 1. Plaintiff submitted his current complaint to Charlotte Correctional Institution officials on October 31, 2019. ECF Doc. 1 at 1. Therefore, that case was clearly filed prior to this action.[1]

As this Court previously explained in its Order to Show Cause, this Court must be able to rely on the statements or responses made by the parties, otherwise the quality of justice is threatened. Additionally, the Court will not tolerate false responses or statements in any pleading or motion filed before it. Because Plaintiff has failed to provide a sufficient explanation for his failure to disclose his complete litigation history and further continues to make misrepresentations to the Court, the undersigned recommends Plaintiff's case be dismissed without prejudice.

Moreover, in the instant suit, Plaintiff alleges Defendants negligently lost his legal work, resulting in a dismissal of his state post-conviction motion for failure to submit a brief, and an argument in his federal habeas that Plaintiff failed to exhaust his administrative remedies. Plaintiff does not identify the habeas action by case number or other identifying information. However, a review of the docket for the

---

[1] In his response, Plaintiff discloses another recent case he filed against Jefferson Correctional Institution, which he claims was filed after this action. *Id.* at 2, 14.

Case No. 3:19cv4285-MCR-HTC

habeas petitions independently identified by the Court shows that each remains pending.  Because his habeas actions remain pending, Plaintiff would be unable to establish an actual injury, such as is necessary for an access to court claim.  *See Cromartie v. Shealy*, 941 F.3d 1244, 1258 (11th Cir. 2019), *cert. denied*, No. 19-6570, 2019 WL 5959657 (U.S. Nov. 13, 2019) ("This Court has held that to violate a person's right to access the courts, there must be 'actual injury.'… "To show actual injury, the plaintiff must 'have an underlying cause of action the vindication of which is prevented by the denial of access to the courts.'").

## II.   PLAINTIFF'S OBLIGATION TO PAY THE INITIAL FILING FEE

In "Part B" of his Response, Plaintiff argues he had $178 in his prison trust fund account in October 2018, but that he currently has a -$190 balance and no income or money.  ECF Doc. 5 at 2-3.  Therefore, Plaintiff claims the $3 initial partial filing fee assessed by the Court violates his Due Process right to access the courts.  28 U.S.C. § 1915 provides that this Court "may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person . . . unable to pay such fees." 28 U.S.C. § 1915(a)(1).  However, a prisoner granted the right to proceed *in forma pauperis* shall nevertheless be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).  "The Court shall assess and, *when funds exist*, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to

Case No. 3:19cv4285-MCR-HTC

the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." *Id.* (emphasis added).

The Court assessed Plaintiff's initial partial filing fee in compliance with 28 U.S.C. § 1915(b)(1), based on adding the total amount of money deposited into Plaintiff's prison trust fund account during the six-month period he provided, dividing that amount by six, and multiplying it by 0.2. That said, because Plaintiff had a balance of $0.00 in his account, Plaintiff will be obligated to pay the initial partial filing fee when such funds become available in his account. *See* 28 U.S.C. § 1915(b)(1) (stating that the Court must collect partial payment of fees when funds exist). After payment of the initial partial filing fee, Plaintiff shall remain responsible for making monthly payments in the manner set forth in the Court's November 19 order until the filing fee of $350.00 is paid in full, despite the undersigned's recommendation that his case be dismissed.

Accordingly, it is ORDERED, that Plaintiff is relieved from paying the initial filing fee until funds become available in his inmate account.

It is further RESPECTFULLY RECOMMENDED that:

1.  This case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Plaintiff's abuse of the judicial process.

Case No. 3:19cv4285-MCR-HTC

 2. The clerk be directed to close the file.

At Pensacola, Florida, this 7th day of January, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.